Gold Town Corp. v United Parcel Servs., Inc. (2022 NY Slip Op 22149)

Gold Town Corp. v United Parcel Servs., Inc.

2022 NY Slip Op 22149 [75 Misc 3d 46]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, July 13, 2022

[*1]

Gold Town Corp., Appellant,
v
United Parcel Services, Inc., Respondent, et al., Defendant.

Supreme Court, Appellate Term, First Department, May 18, 2022

APPEARANCES OF COUNSEL

The Law Office of Diana Rubin (Diana Rubin of counsel) for appellant.
Morrison & Foster (Lena H. Hughes of counsel) for respondent.

{**75 Misc 3d at 47} OPINION OF THE COURT

Per Curiam.

Order (Ilana J. Marcus, J.), entered August 25, 2021, insofar as appealed from, affirmed, with $10 costs.
Plaintiff's tort claims against UPS, including negligence, conversion and fraud, are based upon UPS's alleged failure to deliver or return a package containing a gold necklace that plaintiff had shipped to a customer (defendant Kenneth Ransom) in Tennessee. As such, the claims are preempted by the Federal Aviation Administration Authorization Act of 1994 (see 49 USC § 14501 [c] [1]; see also § 41713 [b] [4] [A]), which embraces all state claims related to "price, route, or service" of motor carriers of property, including UPS. Inasmuch as all of plaintiff's claims arise from UPS's failure to deliver the package as agreed, they are preempted (see e.g. Smith v United Parcel Serv., 296 F3d 1244, 1247 [11th Cir 2002]; AGG Enters. v Washington County, 281 F3d 1324, 1328-1329 [9th Cir 2002], cert denied 537 US 822 [2002]; Rockwell v United Parcel Serv., Inc., 1999 WL 33100089, 1999 US Dist LEXIS 22036 [D Vt, July 7, 1999, No. 2:99 CV 57]; Eggleston v United Parcel Serv., Inc., 428 SC 373, 834 SE2d 713 [Ct App 2019]).
Nor can plaintiff circumvent preemption by characterizing its claim as based upon UPS's representation that the package, which had been lost by UPS but later found, would be returned to the plaintiff. Regardless of how the claims are phrased or characterized, the acts plaintiff complains of arise from the failure to deliver and therefore, they are preempted (compare American Airlines, Inc. v Wolens, 513 US 219 [1995] [frequent flier program]; Data Mfg., Inc. v United Parcel Serv., Inc., 557 F3d 849 [8th Cir 2009] [re-billing fees]).{**75 Misc 3d at 48}
[*2]
We note that plaintiff has not pleaded any breach of contract claim.
Brigantti, J.P., Hagler and Michael, JJ., concur.